No. 6042.

WILLIAM REID MILLS VS. EUGENE WAGGAMAN, SHERIFF, ET AL.

Plaintiff, defendant in the executory proceedings in the case of Agelasto vs. Mills,
enjoined the sheriff and said Agelasto from executing a sheriff's deed for the
property sold in said suit and putting the latter in possession as adjudicatee, on
the ground that the bid did not exceed the mortgages and privileges resting on
said property and having preference over the mortgage of the seizing creditor.
The evidence in the record shows that the mortgage and privileges, including the
interest and penalties accrued on the taxes, both city and State, exceeded the bid
of the purchaser by less than two hundred dollars—the bid being two thousand
dollars and the said incumbrances less than twenty-two hundred dollars. But
it is shown that the purchaser, a few days after the sale, paid the city taxes,
amounting to $675. The question is, can the purchaser avail himself of the sum
paid by him to the city, or must the case be decided upon the facts as shown to
have existed on the day of sale, exhibiting a deficit of $117 32.
The certificate of mortgages did not specify the interest and penalties on the unpaid
taxes, and the amount in said certificate did not appear to correspond exactly
with the amounts in the statements embraced in the settlement. Yet the law
imposed both interest and penalties. Under the circumstances of this case the
plaintiff has no legal cause to defeat the sale. He is not injured, as the claims
bearing privilege are extinguished.
As presented by both parties, the incumbrances, as contained in the certificate, are
less than the bid, and it is only by adding the interest and penalties that they
are made to exceed it. Under such a state of facts, the purchaser is entitled to
the benefit of the payments made by him, and the sale is a good one as to the
debtor in execution.

APPEAL from the Sixth District Court, parish of Orleans.  *Saucier, J.*
*Rice & Whitaker*, for plaintiff and appellant.  *Robert G. Dugué*, for
Agelasto, defendant and appellee.

HOWELL, J.  W. R. Mills, defendant in the executory proceedings in the
case of A. M. Agelasto vs. W. R. Mills, enjoined the sheriff and said
Agelasto from executing a sheriff's deed for the property sold in said
suit on the sixth of February, 1875, and from putting the latter in
possession as adjudicatee, on the ground that the bid did not exceed the
mortgage and privileges resting on said property and having preference
over the mortgage of the seizing creditor.  The defendant, Agelasto,
excepted to the petition, moved to dissolve the injunction, and answered
on the grounds substantially that plaintiff shows no cause of action, the
injunction bond and surety are not in accordance with law, and the facts
alleged are untrue.

The evidence in the record shows that the mortgage and privileges, in-
cluding the interest and penalties accrued on the taxes, both city and
State, exceeded the bid of the purchaser by less than two hundred dol-
lars, the bid being two thousand dollars and the said incumbrances less
than twenty-two hundred dollars; but it is shown that the purchaser, a
few days after the sale, paid the city taxes, amounting to six hundred
and seventy-five dollars, with the sum of four hundred dollars expended
in cash and city scrip or warrants receivable for taxes.  The ranking

mortgage ($615) and the State taxes, penalties, etc., ($827 32) amount to $1442 32; and the question presented by plaintiff's counsel is, can the purchaser avail himself of the sum paid by him to the city, or must the case be decided upon the facts as they are shown to have existed on the day of sale, showing a deficit of $117 32.

It should be remarked that the certificate of mortgages did not specify the interest and penalties on the unpaid taxes, and that the amounts in said certificate do not appear to correspond exactly with the amounts in the statements embraced in the settlement; yet the law imposed both interest and penalties. We think, under the circumstances of this case, the plaintiff has no legal cause to defeat the sale. He is not injured, as the claims bearing the privilege are extinguished. And it is not clear that the incumbrances which had preference over the claim of the purchaser were made by the certificate of mortgages to appear greater than the bid. As presented by both parties these incumbrances, as contained in the certificate, were less than the bid, and it is only by adding the interest and penalties that they are made to exceed it. Under such a state of facts, we think the purchaser is entitled to the benefit of the payments made by him, and that the sale is a good one as to the debtor in the execution.

Judgment affirmed.

Rehearing refused.